PER CURIAM:
The claimant, Cecil Scott, seeks an award of $229.30 from the respondent, Division of Highways, for damage to his vehicle, a 1978 Pontiac Grand Prix. The damage occurred on January 17, 1996, at approximately 9:00 p.m., while the claimant was driving on Route 65/5 near Delbarton, Mingo County. During the drive, the claimant’s vehicle struck a hole in the road. As a result of the collision, the vehicle sustained damage to the steering column and a tire. The cost of repair the claimant’s vehicle totaled $229.28. According to the claimant, the hole was located near a blocked drainage culvert, and the pavement surface was covered with ice and water. The claimant was unaware of the hole prior to the accident, and foggy conditions prevented him from seeing the hole in time to avoid it.
Cecil Collins, a transportation worker for the respondent in Mingo County, testified that he was responsible for dispatching snow removal and ice control equipment and scheduling road maintenance work. Mr. Collins described Route 65/5 as a second priority road which is traveled by numerous coal trucks. According to Mr. Collins the respondent had received several complaints concerning the poor condition of the road, and he knowledged that the road was in bad shape when the claimant’s accident occurred.
This Court is well aware that adverse weather conditions can create poor driving conditions on roads throughout West Virginia, and when these conditions arise the respondent must concentrate its maintenance efforts upon snow and ice removal activities. Although snow and ice removal activities take priority over ordinary maintenance work, the respondent cannot ignore the existence of an unusually large road defect. In situations where a road defect presents an unusual threat to motorists, the respondent has a duty to warn motorists of the defective road condition until it can be repaired.
Based on the facts in the claim, the Court finds that the respondent had actual notice that Route 65/5 was in need of substantial repairs. It is fortunate that the respondent’s maintenance forces were unable to repair the roadway in a timely manner, but this does not relieve the respondent *124 of its duty to warn the claimant of the hazardous road condition. Accordingly, this Court finds that the respondent is liable for the damage caused to the claimant’s vehicle. Therefore, the Court makes an award to the claimant in the amount of $229.28.
Award of $229.28.